IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ANTHONY PRELLWITZ,

    Petitioner,

vs.

D.K. SISTO, Warden,

    Respondent.

No. CIV S-07-0046 JAM CHS P

ORDER

On May 29, 2009, respondent filed an "Application for a Stay of the Court's May 21, 2009 Order Granting Petition for Writ of Habeas Corpus; Expedited Ruling Requested by June 19, 2009." Id. Respondent requests a stay of the court's order that the Board of Parole Hearings ("Board") conduct a hearing in compliance with the Court's March 3, 2009 findings within 90 days. Respondent argues that the state court decisions upholding the Board's parole denial were not contrary to, or an unreasonable application of, clearly established federal law and contends the court exceeded its authority under 28 U.S.C. § 2254.

Respondent seeks a stay pending appeal to the Ninth Circuit under Rule 8 of the Federal Rules of Appellate Procedure, which provides that a party must ordinarily seek a stay in the district court before seeking a stay in the appellate court. "[T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

1

proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Respondent argues that California inmates do not have a federal liberty interest in parole, but even if there were an interest, respondent has a high likelihood of success on the merits "based on the Court's failure to appropriately apply the deferential standard of federal habeas review." Appl. at 3. Further, respondent argues that without a stay, an appeal would be rendered moot because the Board will provide petitioner with his hearing before respondent's appeal can be completed. Id. at 5. Respondent claims petitioner will not be injured as a result of the stay because he only has the "hope that he may someday be granted early release." Id. at 6. Respondent also urges the Court to issue a stay because "the public has an interest in the Board's decision and the state court decisions remaining undisturbed until respondent has had an opportunity to pursue a meaningful appeal of the Court's decision." Id.

For the reasons stated in the May 21, 2009 order, and the findings and recommendations filed on March 3, 2009, respondent has not established that he is likely to succeed on the merits of the appeal. Additionally, while the Board was ordered to conduct a new hearing in compliance with the findings within 90 days, even if the Board found petitioner suitable he would not be released immediately. The Board would still have to set a parole date. While that date is unknown, it would certainly provide respondent adequate time to again request a stay, from this Court and if necessary from the Court of Appeals, of the release date pending appeal. As such, respondent would maintain the opportunity to pursue a meaningful appeal and the public interest would not be harmed. Conversely, if petitioner were eventually granted parole as a result of this case, any delay in his release caused by a stay would be irreparable.

Therefore, respondent's May 29, 2009 application for a stay pending appeal is denied.

1       IT IS SO ORDERED.

2 DATED: June 29, 2009

4                                        /s/ John A. Mendez

5                                      UNITED STATES DISTRICT JUDGE